# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KRISTA M. BOGGS § | |
| § | |
| v. § | Case No. 4:10-CV-00491 |
| § | (Judge Mazzant) |
| AUTOMOTIVE OPERATIONS, LP d/b/a § | |
| PAT LOBB TOYOTA OF MCKINNEY § | |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #20) and Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #30). Having considered the relevant pleadings, the Court denies Defendant's Motion for Summary Judgment (Dkt. #20), and denies Defendant's Motion to Strike (Dkt. #30).

### **BACKGROUND**[1]

On September 21, 2010, Plaintiff filed her Complaint against Defendant Automotive Operations d/b/a Pat Lobb Toyota of McKinney alleging retaliation under the Texas Labor Code § 451.001, and violations of the Family Medical Leave Act ("FMLA") (Dkt. #1). Plaintiff was hired by Defendant as a used car title clerk in October of 2006. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ("MSJ") at 2. Defendant asserts that Plaintiff's duties as a used title clerk involved "inputting data, typing checks, filling out title paperwork, and filing." *Id*. Plaintiff disputes this characterization of her general job duties, arguing that her work was much more extensive.

---

[1] This section is composed of facts that are undisputed by the parties, as set forth in the Defendant's Motion for Summary Judgment (Dkt. #20). Where there are facts that are disputed by the parties, the Court will indicate the argument of both parties regarding those facts.

1

RESPONSE at 3.

On or about March 4, 2008, Plaintiff experienced severe pain in her arm and neck, and subsequently filed a workers' compensation claim. MSJ at 2. Plaintiff's doctor issued work restrictions for Plaintiff not to use her right arm and not to lift heavy objects. *Id*. In addition, Plaintiff's desk was modified to accommodate her condition, and her position was accommodated in accordance with the work restrictions. In March of 2008, Defendant hired an additional employee, Mary Nichols ("Nichols"), as an additional used title clerk to assist with the requirements of the position. MSJ at 3.

On or about August 4, 2008, Plaintiff suffered a "nervous breakdown" that left her "unable to function." *Id*. At that time, Plaintiff was told by her superiors, Reid Johns ("Johns") and Jerri Makonnen ("Makonnen") that she could take family medical leave. *Id*. On August 21, 2008, Plaintiff requested an extension of leave, which was granted by Defendant. *Id*. On or about September 30, 2008, Plaintiff requested and was granted an additional four-week leave for the same reasons. *Id*. During Plaintiff's absence, Nichols assumed the full duties of a used title clerk, and an additional title clerk was hired as well. *Id*.

On October 29, 2008, Plaintiff returned to work and was told to report to Makonnen's office. *Id*. At that time, Makonnen and Johns informed Plaintiff that Defendant was "downsizing the used title clerk position for economic reasons and that her previous position as a title clerk had been eliminated." *Id*. at 4. Plaintiff was offered the alternative position of cashier. *Id*. Defendant asserts that the hours of the cashier position were equivalent, and the job duties of the cashier position are similar to those of a used title clerk. *Id*. However, Plaintiff asserts that the position of cashier would require her to alter her hours to work on Saturdays, which was not a requirement of the used title

clerk position. RESPONSE at 4. Plaintiff also asserts that the duties of a cashier are substantially different than those of her previous position. *Id*. Defendant asserts that Plaintiff's pay and benefits would have remained the same. MSJ at 4. Plaintiff declined to take the cashier position because she believed she would be unable to complete the job due to her work restrictions, signed a resignation form, and departed from the premises that day. *Id*.

On October 26, 2011, Defendant filed its Motion for Summary Judgment (Dkt. #20). On November 14, 2011, Plaintiff filed her Response; however, due to an error, Plaintiff's exhibits were not filed with her Response (Dkt. #23). On November 22, 2011, Defendant filed its Reply (Dkt. #26). On November 23, 2011, Defendant filed its Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #30). On November 30, 2011, Plaintiff filed her Response to the Motion to Strike, as well as a Sur-Response to Defendant's Motion for Summary Judgment (Dkt. #32). On December 12, 2011, Defendant filed its Sur-Reply in Support of Defendant's Motion for Summary Judgment (Dkt. #33). On December 21, 2011, the Court ordered Plaintiff to refile her exhibits that were originally intended to be included with her response (Dkt. #34). Also on December 21, 2011, Plaintiff complied with the Court's order and filed the exhibits (Dkt. #35).

**STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

*Motion to Strike Summary Judgment Evidence and Objections*

Defendant objects to the affidavit of Krista M. Boggs, Plaintiff, attached to Plaintiff's Response as Exhibit A. MOTION TO STRIKE at 2-5. Specifically, Defendant objects to all paragraphs of the affidavit excluding paragraphs 1 and 15.

4

After carefully considering all of Defendant's objections to the affidavit of Plaintiff, the Court overrules those objections. Federal Rule of Civil Procedure 56(c)(4) requires an affidavit to be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The Court finds that Plaintiff is competent to testify as to the requirements of her position as title clerk based on her 20 or more years of employment as a title clerk. Plaintiff has personal knowledge of the job duties of her position, as well as that of the cashier's position, which she was able to observe based on her employment at the dealership. Plaintiff also has personal knowledge of the actions taken by those at the dealership prior to the filing of this suit. Therefore, Defendant's objections as to the competence of Plaintiff to recite these matters are overruled. Further, the Court finds that paragraphs 8, 9, 13, 18, and 20 do not contain inadmissible hearsay, and those objections also should be overruled.[2]

Defendant also objects to portions of the deposition testimony submitted by Plaintiff. MOTION TO STRIKE at 6-8. In Johns' deposition, Defendant objects to page 13, lines 17-20 as irrelevant. That objection is overruled. The statement is relevant to the issue of how the decision was made to move one of the title clerks to the cashier's position, the legitimate non-discriminatory reason offered by Defendant, and pretext. Defendant objects to page 13, line 21 through page 14, line 13 as irrelevant and containing speculation. That objection is overruled for the reasons stated above. In addition, the statement contains no speculation as Johns refuses to offer a reason why Plaintiff was chosen over the other two clerks. In Makonnen's deposition, Defendant objects to page

---

[2]The Court will also note that Defendant's objection to paragraph 21 does not apply to that paragraph since the objection and the actual statement made in the affidavit are not the same. That objection is also overruled.

17, line 11-13, and page 18, line 6-17 as confusing, vague, ambiguous, unintelligible, and irrelevant. That objection is overruled for the reasons stated above.[3]

Plaintiff objects to Johns' affidavit at paragraphs 4 and 5, which refer to the average amount of title work done by Ms. Nichols and Plaintiff. Plaintiff objects to the testimony as conclusory, inconsistent with his deposition testimony, and unsubstantiated. These objections are overruled. The statement is not inconsistent with Johns' deposition testimony, and is not conclusory.[4]

*Motion for Summary Judgment*

Defendant asserts that it is entitled to summary judgment because Plaintiff suffered no adverse employment action under the FMLA. MSJ at 5. Defendant argues that Plaintiff was offered an equivalent position, declined to accept it, and voluntarily resigned. *Id*. at 7. Defendant also argues that even if the position offered Plaintiff was not equivalent, Plaintiff was not entitled to reinstatement because her previous position was eliminated for legitimate non-discriminatory reasons. *Id*. at 10. Defendant also argues that Plaintiff suffered no adverse employment action and was not retaliated against under Chapter 451 of the Texas Labor Code. *Id*. at 12.

"To establish a prima facie case for discrimination or retaliation under the FMLA, the plaintiff must demonstrate that: (1) [s]he is protected under the FMLA; (2) [s]he suffered an adverse employment decision; and either (3a) that the plaintiff was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because of the plaintiff's request for leave." *Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379, 383 (5th

---

[3] Any objection by Defendant not expressly referred to in this paragraph is overruled. The Court did not consider the remaining objectionable evidence in its decision to deny the Motion for Summary Judgment.

[4] Any objection by Plaintiff not expressly referred to in this paragraph is overruled. The Court did not consider the objectionable evidence in its decision to deny the Motion for Summary Judgment.

Cir. 1998). If the plaintiff proves a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the termination. *Id*. If the defendant makes that showing, the burden shifts back to the plaintiff to "show by a preponderance of the evidence that the employer's reason is a pretext for discrimination or retaliation." *Id*.

The FMLA permits employees to take "reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2) (2011). An eligible employee shall be entitled to a total of twelve (12) weeks of leave during any twelve-month period "because of a serious health condition that makes the employee unable to perform the function of the position." 29 U.S.C. § 2612. After a period of qualified leave, the employee is entitled to be restored by the employer to the position previously held, or to be restored to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

Defendant does not dispute that Plaintiff was a protected employee under the FMLA. Defendant asserts that Plaintiff suffered no adverse employment decision because she voluntarily resigned instead of taking the alternative position of cashier. For Plaintiff to show that she suffered an "adverse employment action," she must prove that "a reasonable employee would have found the challenged action materially adverse." *Burlington Northern and S.F.R. Co. v. White*, 548 U.S. 53, 68 (2006). This is an objective standard. *Id*. In order to show that she suffered an "adverse employment decision," Plaintiff must show that she was constructively discharged. "A constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign." *Chandler v. La Quinta Inns, Inc.*, 264 F. App'x 422, 425 (5th Cir. 2008) (quoting *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 771 (5th Cir. 2002). The

7

Court will consider several factors in determining whether the employer created conditions amounting to a constructive discharge, including the following: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer was accepted or not." *Chandler*, 264 F. App'x at 425.

Defendant argues that Plaintiff's voluntary resignation prevents her from having suffered an adverse employment decision. However, Plaintiff has presented evidence sufficient to show a genuine issue of fact that she was being demoted to the position of cashier, she would have had reduced job responsibilities, and reassignment to potentially menial or degrading work for a person of her experience and qualifications. Therefore, Plaintiff demonstrated that a genuine issue of facts exists regarding whether she was constructively discharged upon her return to work.

Defendant further argues that Plaintiff suffered no adverse employment decision because she was offered an equivalent position with the same pay, benefits, and working conditions. After a period of qualified leave, the employee is entitled to be restored by the employer to the position previously held, or to be restored to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). "An equivalent position is one that is virtually identical to the employee's former position in term of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 20 C.F.R. § 825.215(a). The employee must be reinstated to the same or a geographically proximate work location. 20 C.F.R. § 825.215(e). The employee is

8

ordinarily entitled to return to the same shift or the same or an equivalent work schedule. *Id*. The right to be restored to the same or equivalent job with the same or equivalent pay, benefits, and terms and conditions of employment does not extend to *de minimis* aspects of the job. 20 C.F.R. § 825.215(f). "The focus is on the objective qualities of the positions, rather than an employee's subjective preference for one position over another." *Hunt*, 277 F.3d at 771 n.8. "A plaintiff must produce enough evidence to allow a reasonable trier of fact to conclude that, when viewed objectively, the transfer caused [him or her] harm." *Alvarado v. Texas Rangers*, 492 F.3d 605, 613 (5th Cir. 2007).

Defendant asserts that Plaintiff would have had the same pay and benefits as a cashier, although it was not discussed at the time that Johns and Makonnen offered Plaintiff the position. In addition, Plaintiff would have been working in the same building, and the same area of the building. The number of hours worked by Plaintiff in one work week would have remained the same. However, in her previous position, Plaintiff worked Monday through Friday. In the position offered to Plaintiff, she would have been required to work Monday through Saturday, with one day off during the week. In addition, Plaintiff would have been required to arrive at work 30 minutes earlier. Plaintiff argues that this change in her work schedule was materially adverse because she needed the weekends to care for her school-aged daughter and medically ill husband.

Further, Plaintiff's duties would have changed. Defendant characterized both the position of title clerk and cashier as clerical positions requiring merely a change in the type of paperwork Plaintiff would be required to complete. Plaintiff argues that her duties would have been significantly altered. As a title clerk, Plaintiff states she completed a variety of job duties such as:

> Transfer of all retail used car titles; transfer of all wholesale titles; billing of all wholesale

9

> vehicles; entering all purchase vehicles into dealer inventory and assignment of all said purchase vehicles; floor plan Toyota units; payoff all trade vehicles via check made payable to lien holders or auctions; assist in transfer of new car title work; assignment of all titles that were received to assure no penalty to dealership; apply for bonded titles; apply for mechanics liens; apply for lost titles; assist with contract in transit held offerings; sending proper documents to lenders to assure funding of deals; issue refunds for overpayment of tax, title, and license to customers after computations; package contracts for lenders to expedite funding; ordering of dealership forms and office supplies for entire dealership; assist in taking daily deposit for dealership to bank; answer phones in accounting and assist in problem solving relating to title issues or customer issues; help with accounts payable and any other desk in the accounting office that was behind or needed help.

AFF. OF KRISTA M. BOGGS, RESPONSE, Exhibit A, ¶ 3. In addition, Plaintiff states that she was required to have knowledge of a variety of laws regarding titles. *Id.*, ¶ 4. In contrast, the position of cashier, according to Defendant, required typing on a computer, filing, and working with purchase and service order paperwork. MSJ, ¶ 5.08. According to Plaintiff, a cashier's duties involve "heavy data entry of daily repair orders and purchase orders; answering the phones; taking payments from customers for repairs; and, heavy filing of daily repair orders and purchase orders." AFF. OF KRISTA M. BOGGS, RESPONSE, Exhibit A, ¶ 14.

A number of factors are relevant to determining whether a position is objectively worse, including whether the position: "entails an increase in compensation or other tangible benefits; provides greater responsibility or better job duties; provides greater opportunities for career advancement; requires greater skill, education, or experience; is obtained through a complex competitive selection process; or is otherwise objectively more prestigious." *Alvarado*, 492 F.3d at 614. From the evidence submitted by the parties, it appears that the position of cashier did not entail an increase in compensation or benefits, did not provide greater responsibility, did not require greater skill, education, or experience, and was not obtained through a complex or competitive selection process. Further, it is unclear whether the position of cashier would have been able to be performed

10

with Plaintiff's required work restrictions and desk accommodations. Therefore, Plaintiff demonstrated there is a genuine issue of material fact regarding whether Defendant offered her an equivalent position upon her return to work.

An employee is ordinarily entitled to return to the same or equivalent position upon her return from FMLA leave; however, there is an exception "if the position has been eliminated." *Hunt*, 277 F.3d at 766 (citing 29 C.F.R. § 825.216(a)(2)). "[I]f the position has simply been filled by another employee, the leave-taking employee is 'entitled to return to the shame shift on which employed before taking FMLA leave.'" *Id*. Plaintiff argues that Defendant forced her to resign when it offered her the position of cashier and left two other employees in the position of title clerk. Plaintiff asserts that Defendant chose to offer her the position of cashier, as opposed to the two other title clerks, because she took FMLA leave.

Defendant has the burden to show Plaintiff was constructively discharged for a legitimate, non-discriminatory reason. *Bocalbos*, 162 F.3d at 383. Defendant asserts that the dealership was in the process of downsizing, and in that process, Plaintiff's position was eliminated. Defendant also argues that prior to Plaintiff's leave she was unable to handle all of the used title work, and Defendant had to hire another title clerk to assist Plaintiff with the work. Defendant further argues that Plaintiff was not performing work as well as the other title clerks, and her position was eliminated in the ordinary course of business. In support of this argument Defendant cites *Roberson v. Game Stop*, 152 F. App'x 356, 361-62 (5th Cir. 2005), in which an employee returned to work after FMLA medical leave and was given the same pay and benefits, but a different position since her position was eliminated altogether. The Court held that the employee was "not entitled to keep a job that no longer exists." *Id*. at 362. Defendant also cites *Baumeister v. AIG Global Inv. Corp.*,

420 F. App'x 351, 353-54 (5th Cir. 2011), in which the Court held that the employee's position that was eliminated based on a reduction in force was no longer needed, and her termination was not in retaliation of her FMLA leave. *Id.*

In contrast to the cases cited by Defendant, the position of title clerk is not nonexistent; it was simply given to another employee to absorb all of the duties of the title clerk position. There is little evidence that Plaintiff's position was eliminated as a reduction in workforce. Plaintiff was the only employee eliminated, and Defendant merely decided that instead of three title clerks, it only needed two. However, Defendant has articulated a non-discriminatory reason for the termination; therefore, the Court must determine whether the Plaintiff demonstrated that the employer's articulated reason is a mere pretext for discrimination. *Bocalbos*, 162 F.3d at 383.

"The plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Whether summary judgment is appropriate ultimately turns on "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

Plaintiff argues that the employer's explanation lacks credibility because at the time of deposition, both Makonnen and Johns could not recall the reason for the elimination of Plaintiff's position. Further, Plaintiff argues that any claims that her performance was inferior when compared with the other two title clerks are unsubstantiated by evidence. Finally, Plaintiff argues that Plaintiff has performed title work for over twenty (20) years, and has worked for Defendant longer than the other two title clerks. Therefore, the Court finds that Plaintiff has demonstrated evidence of a

material fact issue regarding whether the elimination of Plaintiff's position was mere pretext.

Defendant also argues that Plaintiff's claim under the Texas Labor Code § 451.001 should be dismissed because Plaintiff cannot prove she suffered an adverse employment decision, and that there was a causal link between the filing of the workers' compensation claim and the adverse employment decision. The Court found above that there is a fact issue as to whether Plaintiff suffered an adverse employment action. In order to prove a causal connection, "a plaintiff does not have to prove that her discharge was solely because of her workers' compensation claim." *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996) (citation omitted). A plaintiff only has to prove a causal connection, which can be proven by circumstantial evidence. *Id*.

> Circumstantial evidence sufficient to establish a causal link between termination and filing a compensation claim includes: (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false.

*Id*. (citation omitted). Plaintiff asserts that both Makonnen and Johns, those making the decision to eliminate her position, knew of the workers' compensation claim. Plaintiff also asserts that Defendant showed animosity toward her because Makonnen stopped communicating as much with her in emails. This alone is not sufficient to establish a causal connection. *See Williams v. AT&T Inc.*, 356 F. App'x 761, 767 (5th Cir. 2009). However, Plaintiff also asserts that she was discriminated against in comparison with other similarly situated employees. Plaintiff's position was eliminated when those of the other two title clerks were not. Plaintiff argues that she has more experience and has worked for Defendant longer than the other two title clerks. Therefore, the Court

finds that Plaintiff demonstrated a genuine issue of fact with regard to her claim under the Texas Labor Code § 451.001.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Dkt. #20) is **DENIED**.

It is further ORDERED that Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #30) is **DENIED**.

**It is SO ORDERED.**
**SIGNED this 4th day of January, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE